# Exhibit 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
WILSON SEGARRA on behalf of himself and     CASE NO. 16 CV 08357 (LGS)
all others similarly situated,

        Plaintiff,

  v.

KOURELI RESTAURANT GROUP, INC.
d/b/a NERAI RESTAURANT and SPIRO
MENEGATOS,

        Defendants.
--------------------------------------------------------x

## SETTLEMENT AGREEMENT AND RELEASE

      Wilson Segarra, Sarah Hiance, Raul Reyes, Diego Rivera, Juan Carlos Rojas, Agustin Sirena, Cara Solomon, Cesar Tascon, and Yovan Valderrabano (collectively, "Plaintiffs") and Defendants Koureli Restaurant Group, Inc. and Spiro Menegatos (collectively, "Defendants") hereby agree upon this Settlement Agreement and Release ("Agreement") as a settlement of all issues involved herein as follows:

      **1.**    **No Admission of Liability**. The parties hereto recognize and agree that Defendants, as a part of this Agreement between the parties, does not admit any violation of law or any liability to the Plaintiffs or to anyone else as a result of or growing out of the matters set forth in the Complaint styled Segarra v. Koureli Restaurant Group, Inc., Case No. 16 CV 08357 filed in the United States District Court for the Southern District of New York (the "Lawsuit"), or which could have been raised in such Complaint and/or suit, involving the Plaintiffs' employment relationship with Defendants.

      **2.**    **Settlement Approval and Dismissal of Pending Action**.  For and in consideration of the promises outlined in Paragraph 3 and elsewhere in this Agreement, the Plaintiffs agree to dismiss, or cause to be dismissed, the Lawsuit with prejudice by submitting this Agreement and the Stipulation and Order of Dismissal with Prejudice attached hereto as Exhibit A to the Court for approval.

      **3.**    **Consideration**.  Defendant agrees to pay the Settlement Sum of Seventy One Thousand Two Hundred Fifty Dollars ($71,250.00) as set forth and allocated in Paragraph 4.

4.     **Settlement Sum.** The full Settlement Sum of $71,250.00 is inclusive of the individual awards for each Plaintiff and attorneys' fees and costs.

The Settlement Sum shall be payable as follows:

- $7,953.56 to Wilson Segarra, of which $3,181.42 shall represent back wages subject to lawful payroll deductions and tax withholdings and be reported on an IRS Form W-2, and $4,772.14 shall represent liquidated damages, interest, and penalties and be reported on an IRS Form 1099.

- $1,604.71 to Sarah Hiance, of which $641.88 shall represent back wages subject to lawful payroll deductions and tax withholdings and be reported on an IRS Form W-2, and $962.83 shall represent liquidated damages, interest, and penalties and be reported on an IRS Form 1099.

- $5,108.90 to Raul Reyes, of which $2,043.56 shall represent back wages subject to lawful payroll deductions and tax withholdings and be reported on an IRS Form W-2, and $3,065.34 shall represent liquidated damages, interest, and penalties and be reported on an IRS Form 1099.

- $7,151.84 to Diego Rivera, of which $2,860.74 shall represent back wages subject to lawful payroll deductions and tax withholdings and be reported on an IRS Form W-2, and $4,291.10 shall represent liquidated damages, interest, and penalties and be reported on an IRS Form 1099.

- $2,995.52 to Juan Carlos Rojas, of which $1,198.21 shall represent back wages subject to lawful payroll deductions and tax withholdings and be reported on an IRS Form W-2, and $1,797.31 shall represent liquidated damages, interest, and penalties and be reported on an IRS Form 1099.

- $5,917.89 to Agustin Sirena, of which $2,367.16 shall represent back wages subject to lawful payroll deductions and tax withholdings and be reported on an IRS Form W-2, and $3,550.73 shall represent liquidated damages, interest, and penalties and be reported on an IRS Form 1099.

- $1,659.55 to Cara Solomon, of which $663.82 shall represent back wages subject to lawful payroll deductions and tax withholdings and be reported on an IRS Form W-2, and $995.73 shall represent liquidated damages, interest, and penalties and be reported on an IRS Form 1099.

- $6,457.57 to Cesar Tascon, of which $2,583.03 shall represent back wages subject to lawful payroll deductions and tax withholdings and be reported on an IRS Form W-2, and $3,874.54 shall represent liquidated damages, interest, and penalties and be reported on an IRS Form 1099.

- $8,147.50 to Yovan Valderrabano, of which $3,259 shall represent back wages subject to lawful payroll deductions and tax withholdings and be reported on an IRS Form W-2, and $4,888.50 shall represent liquidated damages, interest, and penalties and be reported on an IRS Form 1099.

- $24,252.96 to Joseph & Kirschenbaum LLP as attorneys' fees and costs, which shall be reported on an IRS Form 1099.

The Settlement Sum shall be paid in full no later than seven (7) calendar days after the Court's approval of the settlement (unless such day falls on a weekend or legal holiday, in which case the Settlement Sum shall be due on the following business day). Defendants shall deliver all payments to Joseph & Kirschenbaum, 32 Broadway, Suite 601, New York, NY 10004, to the attention of Denise A. Schulman.

5.    **Release.**   The Plaintiffs and each of their heirs, beneficiaries, executors, administrators, affiliates, representatives, successors, assigns, and insurers, and all those acting in concert with them hereby irrevocably and unconditionally release and forever discharge Defendants, and each of their parents, subsidiaries, divisions, affiliates, related companies, heirs, successors, assigns, present and former officers, members, agents, employees, directors, representatives supervisors and attorneys, of and from any and all wage and hour and/or wage notice claims that were and/or could have been brought in this Action ("Released Claims"), including but not limited to FLSA and New York State minimum wage violations, FLSA and New York State overtime violations, New York State spread of hours violations, New York State tip misappropriation claims, and New York State notice requirements.

6.    **Plaintiffs' Responsibility for Taxes.** Plaintiffs assume full responsibility for their respective portions of the payment of any and all federal, state and local taxes or contributions which may hereafter be imposed or required to be paid by Plaintiffs under any federal or state laws of any kind, with respect to the monies paid by Defendants to Plaintiffs pursuant to this Agreement. Plaintiffs expressly acknowledge and warrant that they are, and shall be, responsible for all federal, state, and local tax liabilities which are attributable to them that may result from the payments under this Agreement, and Plaintiffs hereby warrant that Defendants shall bear no responsibility for any such tax liabilities, except for the employer's payroll tax contributions (such as FICA) for which Defendants may be liable. Plaintiffs further agree to hold Defendants harmless to the full extent of any such liabilities, payments or costs, including taxes, interest, penalties, and attorneys' fees (except such liabilities, payments or costs relating to the employer's payroll tax contributions) which may be assessed against or incurred by Defendants in connection with any payment made to or on behalf of any Plaintiff hereunder. Plaintiffs agree that should any tax liability arise or accrue to Plaintiffs under local, state, or federal tax law as a result of any payments made under this Agreement, other than tax liability for the employer's payroll tax contributions, Plaintiffs will pay any and all such finally determined obligations without seeking indemnity or reimbursement from Defendants.

7.    **Governing Law.** This Agreement is to be construed and governed under the laws of the State of New York, and shall bind the parties and their respective heirs, estates, successors and assigns. If any provision is determined by a court of competent jurisdiction to be invalid or

3

unenforceable, the remaining provisions shall continue in full force and effect notwithstanding. The Named Plaintiffs acknowledge that they have not previously transferred, assigned or conveyed any right or claim released in this Agreement.

**8.     Status of Settlement If Case Is Not Ultimately Dismissed**. In the event the Court fails to dismiss the Lawsuit with prejudice as contemplated by this Agreement, this Agreement shall be null and void *ab initio*. In such case, the parties shall be returned to their respective statuses as of the date of this Agreement, and the parties shall proceed in all respects as if the Agreement had not been executed.

**9.     Attorneys' Fees and Costs.** It is further agreed that each party shall bear its own costs and attorneys' fees incurred in negotiating and preparing this Agreement except as otherwise specifically enumerated above.

**10.     Important Acknowledgments**. It is further understood and agreed that the sum of Seventy One Thousand Two Hundred Fifty Dollars ($71,250.00) and the other good and valuable consideration provided for herein, are not a mere recital but are the consideration for this Agreement and all terms herein, and the full and final release effected thereby. The Plaintiffs hereby represent and warrant that they have entered into this Agreement of their own free will and accord, and in accordance with their own judgment, and after consultation with their attorneys. The Plaintiffs hereby state that they and their counsel have made a full and independent investigation of all the facts and representations relating to this Agreement, and therefore state that they have not been induced to enter into this Agreement by any statement, fact or representation of any kind or character on the part of Defendants, or on the part of Defendants' agents, attorneys, servants, employees or representatives other than those specifically set forth herein. The Plaintiffs specifically acknowledge that the parties jointly prepared this Agreement and that the Plaintiffs are executing this Agreement knowingly and voluntarily.

**11.     Venue**. The parties hereto acknowledge that this Agreement is enforceable in the federal and state courts of New York. The Plaintiffs and Defendants hereby waive any pleas of improper jurisdiction or venue in the United States District Court for the Southern District of New York, and hereby specifically authorize any action brought upon the enforcement of this Agreement to be commenced or filed in the United States District Court for the Southern District of New York or such New York State Court as lies within the geographic area encompassed by the United States District Court for the Southern District of New York.

**12.     No Other Representations or Agreements**. Each party acknowledges that, except as expressly set forth herein, no representations of any kind or character have been made by any other party or parties, agents, representatives, or attorneys, to induce the execution of this Agreement.   This Agreement constitutes a single integrated contract expressing the entire agreement of the parties hereto. There is no other agreement or understanding, written or oral, expressed or implied, among the parties hereto concerning the subject matter hereof, except the agreements set forth in this Agreement.

4

**13.**   **Non-Disparagement:**  All Parties agree not to make, utter, speak, write, or in any other manner, transmit or communicate to any person or entity any disparaging remark about any other.  Nothing herein shall bar any Party from making truthful statements regarding the Action and/or the facts underlying the Action.  Notwithstanding the foregoing, if any employer or prospective employer of any Plaintiff contacts Defendants for a reference, background check, or makes any other inquiry concerning any Plaintiff's employment with Defendants, then Defendants agree only to disclose that Plaintiff's dates of employment, position(s), and rate(s) of pay.

**14.**   **Return of Tip Pool and Similar Documents:**  At the time of execution of this Agreement, Plaintiff Segarra will return the tip book, as has been discussed by and between counsel for the parties, and any other similar business documents that may be in possession of Segarra or any other of the Plaintiffs.

**15.**   **No Modification Except In Writing**. This Agreement cannot be modified or changed except by a writing, signed by or on behalf of the parties, with specific reference to this Agreement.

**16.**   **Prevailing Party Fees**. In the event of any litigation to enforce or regarding a breach of the terms of this Agreement and one party is found to have breached a term(s) of this Agreement, the non-breaching party shall be entitled to receive from the breaching party reasonable attorneys' fees and costs up through and including the appellate process.

**17.**   **Execution In Counterparts**. This Agreement may be executed in counterparts by each party and each executed Agreement, when taken together, shall constitute a complete Agreement.

**18.**   **Facsimile and Email Signatures.**  Any party may execute this Agreement by signing on the designated signature block below and transmitting or causing to be transmitted that signature page via facsimile or email to counsel for the other party.  Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the party whose counsel transmits the signature page by facsimile or email.

DATED: _June 8th_, 2017

_____

Koureli Restaurant Group, Inc.

By: _Spiro Menegatos_

Its: _President_

DATED: _June 8th_, 2017

_____

Spiro Menegatos

DATED: _____, 2017

_____
Wilson Segarra

DATED: _____, 2017

_____
Sarah Hiance

DATED: __6/9_____, 2017

_____
Raul Reyes

DATED: _____, 2017

_____
Diego Rivera

DATED: __6/6_____, 2017

_____
Juan Carlos Rojas

DATED: _____, 2017

_____
Agustin Sirena

DATED: _____, 2017

_____
Cara Solomon

DATED: _____, 2017

_____
Cesar Tascon

DATED: __6/9_____, 2017

_____
Yovan Valderrabano

6

DATED: _____, 2017

_____
Wilson Segarra

DATED: ___6/5/2017___, 2017

*Sarah Hiance*
_____
Sarah Hiance

DATED: _____, 2017

_____
Raul Reyes

DATED: _____, 2017

_____
Diego Rivera

DATED: _____, 2017

_____
Juan Carlos Rojas

DATED: _____, 2017

_____
Agustin Sirena

DATED: _____, 2017

_____
Cara Solomon

DATED: _____, 2017

_____
Cesar Tascon

DATED: _____, 2017

_____
Yovan Valderrabano

6

DATED: _O6- O8_ , 2017

Wilson Segarra

DATED: _____ , 2017

Sarah Hiance

DATED: _____ , 2017

Raul Reyes

DATED: _O6 - O7_ , 2017

Diego Rivera

DATED: _____ , 2017

Juan Carlos Rojas

DATED: _____ , 2017

Agustin Sirena

DATED: _____ , 2017

Cara Solomon

DATED: _____ , 2017

Cesar Tascon

DATED: _____ , 2017

Yovan Valderrabano

DATED: _____, 2017

_____
Wilson Segarra

DATED: _____, 2017

_____
Sarah Hiance

DATED: _____, 2017

_____
Raul Reyes

DATED: _____, 2017

_____
Diego Rivera

DATED: _____, 2017

_____
Juan Carlos Rojas

DATED: June 7, 2017

_____
Agustín Sirena

DATED: _____, 2017

_____
Cara Solomon

DATED: _____, 2017

_____
Cesar Tascon

DATED: _____, 2017

_____
Yovan Valderrabano

DATED: _____, 2017

_____
Wilson Segarra

DATED: _____, 2017

_____
Sarah Hiance

DATED: _____, 2017

_____
Raul Reyes

DATED: _____, 2017

_____
Diego Rivera

DATED: _____, 2017

_____
Juan Carlos Rojas

DATED: _____, 2017

_____
Agustin Sirena

DATED: 6 / 5 ____, 2017

_____
Cara Solomon

DATED: _____, 2017

_____
Cesar Tascon

DATED: _____, 2017

_____
Yovan Valderrabano

6

DATED: _____, 2017

Sarah Hiance

DATED: _____, 2017

Raul Reyes

DATED: _____, 2017

Diego Rivera

DATED: _____, 2017

Juan Carlos Rojas

DATED: _____, 2017

Agustin Sirena

DATED: _____, 2017

Cara Solomon

DATED: 05/06/2017

Cesar Tascon

DATED: _____, 2017

Yovan Valderrabano

6

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
WILSON SEGARRA on behalf of himself and        CASE NO. 16 CV 08357 (LGS)
all others similarly situated,

                 Plaintiff,

       v.

KOURELI RESTAURANT GROUP, INC.
d/b/a NERAI RESTAURANT and SPIRO
MENEGATOS,

              Defendants.
-----------------------------------------------------------x

## STIPULATION AND ORDER OF DISMISSAL WITH PREJUDICE

     IT IS HEREBY STIPULATED AND AGREED, by the parties, by and through their

undersigned counsel, that the above-captioned action has been resolved by the Parties.

     The Court has reviewed a settlement agreement and deems it fair, pursuant to the Fair

Labor Standards Act § 216(b).  The parties accordingly agree that the action, and all wage and

hour and/or wage notice claims that were and/or could have been brought in this action, be and is

hereby dismissed, with prejudice, and with no additional award of attorneys' fees or costs by the

Court to any party.  The Court retains jurisdiction to enforce the settlement.

**JOSEPH & KIRSCHENBAUM LLP**         **RIVKIN RADLER LLP**

_____       _____
Denise A. Schulman                    Scott Green
32 Broadway, Suite 601               926 RXR Plaza
New York, NY 10004                 Uniondale, NY 11556

*Attorneys for Plaintiffs*             *Attorneys for Defendants*

SO ORDERED:

_____     Dated:_____, 2017
Hon. Lorna G. Schofield, U.S.D.J.         New York, New York